**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40037
Summary Calendar

PRIMITIVO RAMIREZ, LIBRADA G. RAMIREZ,
and MICHELLE RAMIREZ, by and through
her Next Friend, PRIMITIVO RAMIREZ,

Plaintiff-Appellants,

versus

CITY OF ROBSTOWN, TEXAS, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(CA-C-93-42)

(August 30, 1995)

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

Primitivo Ramirez, individually and on behalf of the minor Michelle Ramirez, and Librada G. Ramirez appeal an adverse grant of summary judgment in their 42 U.S.C. § 1983 action against the City of Robstown, Texas, and several city and state law enforcement

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

officers.  Finding no error, we affirm.

## Background

On July 1, 1991 Sergeant J.B. Talley of the Robstown Police Department received information from a confidential informant that a man named Arturo Ramirez possessed heroin and cocaine papers and had been seen at a local residence on Ohio Street.  Jorge-Luis Aguilar, an agent with the Texas Department of Public Safety, drove the informant by the residence to confirm information for a warrant.  Talley completed an affidavit based on the information thus acquired and a search and arrest warrant was issued.  The warrant described the premises and authorized a search of 1010 Ohio Street, rear.  The residence, however, where Arturo Ramirez's parents lived, backs up to Ohio Street but faces and has the address 1013-B Indiana Street.  There is another residence within the enclosing fence which bears the 1010 Ohio Street address, and the agent wrongfully assumed that the Ramirez house to the rear thereof was 1010 Ohio Street, rear.

Arturo's parents, Primitivo and Librada Ramirez, were at home with their minor granddaughter Michelle when the warrant was executed by Talley, Aguilar, and city police officers Julian Olivera, Noe Garza, and Albert Garcia.  At the beginning of the search, Olivera pointed a gun at Primitivo, pushed him down on the bed, and placed him in handcuffs.  The cuffs were removed about 10 minutes later at Primitivo's request.  Primitivo sustained no bumps, bruises, or cuts.  An officer entered Michelle's room and briefly pointed a gun at her while she followed his instructions to

2

close her curtains; the officer did not touch Michelle.  Librada testified that the officers did not harm or hurt her, or treat her roughly in any way.  The Ramirezes suffered only mild distress as a result of the search.[1]  Arturo was not found on the premises.

Pertinent to the present appeal, the instant action was filed against the City of Robstown, Garza, Garcia, Olivera, Talley, and Aguilar, alleging, *inter alia*, a claim under 42 U.S.C. § 1983 for fourth amendment violations based on an invalid warrant and the excessive use of force.[2]  The district court granted summary judgment for the defendants on these claims, determining that there had not been an unlawful entry and that the police officers were entitled to qualified immunity on the excessive use of force claim. The court dismissed the claims against the City of Robstown, finding that no constitutional rights had been violated.  The Ramirezes timely appealed.

<u>Analysis</u>

We review the grant of summary judgment *de novo*.[3]  The Ramirezes assert that the court erred in dismissing their unlawful entry claim, alleging first that the search warrant was based on

---

[1]Injuries included Primitivo's fright, nervousness, and embarrassment during the search, and the fleeting pain in his arms while handcuffed and briefly restrained; Librada's continuing agitation; and Michelle's fright, nightmares, and distrust of police officers.

[2]The court also granted summary judgment on the Ramirez's claims under 42 U.S.C. §§ 1981, 1985, and 1986; alleged violations of substantive due process; equal protection; and state law defamation and negligent infliction of emotional distress.

[3]**Davis v. Parker**, 58 F.3d 183 (5th Cir. 1995).

3

unreliable, unverified information. Looking to the totality of the circumstances,[4] we conclude that the affidavit upon which the search warrant was based was not simply a "barebones" affidavit. The affidavit demonstrated the informant's veracity by attesting that within the previous six month period the informant had given the affiant true and correct information leading to the arrest of drug dealers.[5] The affidavit was based on the informant's personal knowledge and adequately demonstrated a basis for such knowledge.[6] The warrant properly issued.

The Ramirezes also contend that the warrant was facially defective. The warrant misstated the Ramirez address but by reference to the affidavit described their residence with sufficient particularity as follows:

> A building used as a dwelling in the 1000 block of Ohio Street, Robstown, Nueces County, Texas. The dwelling is on the southside of Ohio Street facing North. The dwelling is white in color. The dwelling is on the same lot with a dwelling that is beige in color with brown trim and this dwelling has the numbers 1010 on the front of the dwelling. The suspect dwelling is southwest of 1010 Ohio Street, Robstown, Texas. The address to 1010 Ohio Street, rear, Robstown, Nueces County, Texas to include the dwellings surroundings curtlidge [sic] and vehicle(s) on property.

The record is devoid of any evidence which would indicate that the officers knew or should have known that the Ramirez residence

---

[4]**United States v. Fisher**, 22 F.3d 574 (5th Cir.) (explaining that sufficiency of affidavit determined by looking to totality of circumstances including confidential informant's veracity, reliability, and basis of knowledge), cert. denied, 115 S.Ct. 529 (5th Cir. 1994).

[5]**United States v. Laury**, 985 F.2d 1293 (5th Cir. 1993).

[6]**Fisher**.

-- set off slightly from 1010 Ohio Street and located within the same chain link fence -- would have a different address.[7]  Further, inasmuch as Sergeant Aguilar accompanied the confidential informant to the residence and was one of the officers executing the warrant, "there was no possibility the wrong premises would be searched."[8]

The Ramirezes next challenge the district court's ruling that the officers were entitled to qualified immunity on the excessive use of force claim.  Our review of the record convinces us that a jury could not have concluded that there was anything more than a *de minimus* use of force.[9]  Neither the brief pointing of a gun at Primitivo or Michelle,[10] the temporary handcuffing of Primitivo, nor any other actions taken during the search were, under the circumstances, clearly excessive to the need for such actions.[11]

---

[7]**Maryland v. Garrison**, 480 U.S. 79 (1987); **Richardson v. Oldham**, 12 F.3d 1373 (5th Cir. 1994).

[8]**United States v. Gordon**, 901 F.2d 48, 50 (5th Cir.) (upholding validity of warrant where executing officer was also the affiant) (quoting **United States v. Burke**, 784 F.2d 1090, 1093 (11th Cir.), cert. denied, 476 U.S. 1174 (1986)), cert. denied, 498 U.S. 981 (1990).

[9]See **Knight v. Caldwell**, 970 F.2d 1430 (5th Cir. 1992) (explaining that *de minimus* uses of physical force not entitled to constitutional protection), cert. denied, 113 S.Ct. 1298 (1993).

[10]See **Hinojosa v. City of Terrell, Tex.**, 834 F.2d 1223 (5th Cir. 1988) (finding no evidence that officers' pointing of gun was grossly disproportionate to need for action), cert. denied, 493 U.S. 822 (1989).

[11]A plaintiff can prevail on a constitutional excessive force claim only by proving (i) an injury; (ii) resulting directly and only from the use of force that was clearly excessive to the need; and (iii) the excessiveness was objectively unreasonable.  See **Johnson v. Morel**, 876 F.2d 477 (5th Cir. 1989), abrogated by **Harper v. Harris County, Tex.**, 21 F.3d 597 (5th Cir. 1994).  Although **Johnson** originally required a showing of significant injury, this

The officers were entering an unknown dwelling and did not know what or who they would encounter there; they confronted the situation with a minimal amount of force. The fact that the Ramirezes suffered only the mildest of injuries as a result of the search further persuades us that any use of force was not constitutionally excessive.[12] Accordingly, the court did not err in determining that the defendants were entitled to qualified immunity.[13]

The Ramirezes finally challenge the dismissal of their claims against the City of Robstown. A city cannot be held liable under section 1983 unless a constitutional violation was caused by an official policy or custom.[14] Because no constitutional rights were violated, the claims against the city were dismissed properly.

The judgment of the district court is AFFIRMED.

---

requirement was overruled by the Supreme Court in **Hudson v. McMillian**, 503 U.S. 1 (1992). See **Harper**.

[12]See **Knight**; **Norman v. Taylor**, 25 F.3d 1259, 1262 (4th Cir. 1994) (reading **Hudson** to hold that "*de minimus* injury can serve as conclusive evidence that *de minimus* force was used."); **Moore v. Holbrook,** 2 F.3d 697 (6th Cir. 1993).

[13]An official is entitled to qualified immunity unless he has violated a clearly established constitutional right, and his behavior, judged by the law at the time of the incident, was not objectively reasonable. **Spann v. Rainey**, 987 F.2d 1110 (5th Cir. 1993).

[14]See **Monell v. Dept. Social Services of New York**, 436 U.S. 658 (1978).